## Case No. 8,075.

### LANNING v. LONDON.

[4 Wash. C. C. 332.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1822.

PRACTICE AT LAW—RULE TO SHOW CAUSE—DIVIDED COURT—CERTIFYING TO SUPREME COURT.

1. Upon a rule to show cause why a new trial should not be granted, if the judges are divided in opinion as to granting a new trial, the rule must be discharged; it amounting to nothing more than a notice of a new trial.
[Cited in Goddard v. Coffin, Case No. 5,490.]

2. Such a division of opinion is not a case that can be certified to the supreme court.
[Cited in Holtzapple v. Phillibaum, Case No. 6,648; Jones v. Van Zandt, 5 How. (46 U. S.) 224; U. S. v. Chicago, 7 How. (48 U. S.) 191; Taylor v. Carpenter, Case No. 13,785; Ives v. Grand Trunk Ry. Co., 35 Fed. 181.]

[This was an action in ejectment by Lanning against J. London, Samuel Ferris, John Ferris, and Moses Rolph. There was a judgment in favor of plaintiff against all the defendants except London. Case No. 8,074. The other defendants, Ferris, Ferris, and Rolph then procured a rule to show cause why a new trial should not be granted.]

The grounds for the new trial were:
1. That the presiding judge, in delivering the charge to the jury, stated, that the land in question did not lie within the bounds of the purchase made from the Indians by

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

the treaty of Fort Stanwix in 1768, contrary to the real fact; and that, labouring under this mistake, he gave no opinion as to the construction of the act of 1786, which it is admitted applied to the land lying within that purchase. But for this mistake, that opinion would have been given, and if it had been unfavourable to the defendant, his counsel would have had the benefit of an exception; and if favourable to him, the jury could not have failed to give him a verdict.

2. The court ought to have admitted evidence of the declarations of the settlers, that they had sold their possessions to the persons who came successively into possession. They cited 2 Serg. & R. 407.

C. J. Ingersoll, for plaintiff.
Chauncey and J. R. Ingersoll, for defendant.

Before WASHINGTON, Circuit Justice, and PETERS, District Judge.

WASHINGTON, Circuit Justice, was of opinion that a new trial ought to be granted for the first reason only; but he adhered to the opinion given at the trial in respect to the rejected testimony.

PETERS, District Judge. I have great reluctance at all times, and seldom indeed have I had occasion to differ with the presiding judge; but in this case, I was so well satisfied with his charge to the jury, and still so remain, that I cannot join in the opinion that a new trial should be granted. True, there was a geographical mistake in point of fact. I perceived this circumstance after the charge, but not immediately; and I did not then, nor do I now believe, it had the alleged influence on the jury, who heard a full description of the general principles of the case. I thought the law of 1786 inapplicable on other grounds. I did not think that the defendant was included in that law; nor did I conceive the original settler one within the description of settlers meant by that act of assembly. Nor was the testimony, take it all together, satisfactory in point of credit or principle. I therefore deemed the verdict, as I now do, perfectly legal and just.

A new trial is subject to the sound discretion of the court, or of a judge composing part of it. I cannot, therefore, reconcile my mind to granting a new trial.

The court being divided in opinion, the counsel for the defendant at first insisted that, this being a rule to show cause, the decision was to be considered favourable to the defendant, or at all events, that the rule was not discharged. But the court was of opinion, that this was, in effect, a motion for a new trial, the rule always being granted, according to the practice of the court, as of course, and without argument; and

consequently, that by the division of the court, the motion, if it had that form, would fall, and consequently that the rule is discharged.

The counsel then moved the court to certify the grounds of the disagreement to the supreme court.

The plaintiff's counsel, to prove that this was not one of the cases which could be certified under the act of congress, cited U. S. v. Daniel, 6 Wheat. [19 U. S.] 542, in point; also [M'Millan v. M'Neill] 4 Wheat. [17 U. S.] 213; [Henderson v. Moore] 5 Cranch [9 U. S.] 11; [Marine Ins. Co. of Alexandria v. Young] Id. 187.

The court refused, upon the authority of U. S. v. Daniel [supra], to grant a certificate.

Rule discharged.

[For other ejectment cases brought by the same plaintiff against other defendants, see Cases Nos. 8,072 and 8,073.]